[Civ. No. 9651. First Appellate District, Division Two.—August 5, 1935.]

ANITA ADKINS, a Minor, etc., Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Charles J. Janigian and Joseph Kaplan for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

SPENCE, J.—This is an appeal by plaintiff from a judgment entered in favor of defendants after the trial court had sustained defendants' demurrer to plaintiff's original complaint without leave to amend.

Plaintiff, a pupil in the public schools, alleged in substance that she was taken by defendants with other school children to participate in a National Recovery Act demonstration at Seals stadium; that defendants so negligently conducted and supervised said demonstration that plaintiff was caused to be violently thrown to the ground and trampled upon by other children, thereby causing her injuries. We deem it unnecessary to set forth the allegations in detail or to set forth the substance of the general and special demurrer. In the trial court it was conceded by counsel for plaintiff that "the complaint is perhaps not a model of good pleading", but counsel requested leave to amend in the event that the trial court was of the opinion that the complaint was insufficient. Leave to amend was denied to plaintiff and the question presented is whether the trial court erred in denying such leave.

From a reading of the complaint in question, it appears that plaintiff was attempting in good faith to state a cause of action. It is not at all clear that plaintiff could not have amended and obviated the objections raised by the demurrer. While defendants may be correct in their contention that plaintiff could not have amended so as to state a cause of action as to certain defendants, it cannot be said that plaintiff could not have amended so as to state a cause of action as to one or more of said defendants. We therefore believe that the trial court erred in refusing to grant plaintiff at least one opportunity for that purpose. As was said in *Metzger* v. *Vestal*, 76 Cal. App. 409, at page 418 [244 Pac. 942, 945]: "The complaint in question was the original complaint, it never having been amended. While the demurrers were properly sustained, at least upon some of the special grounds urged, the plaintiffs ought to be permitted to amend in order that the case may be decided upon the merits rather than upon technical rules of pleading. 'Unless it be clear to a trial court that a defective complaint cannot be amended so as to obviate the objections made thereto, a plaintiff desiring it should be allowed reasonable oppor-

tunity to so amend.' (*Payne* v. *Baehr,* 153 Cal. 441, 447 [95 Pac. 895, 897].)''

The judgment is reversed, with directions to the trial court to grant plaintiff leave to file an amended complaint.

Nourse, P. J., and Sturtevant, J., concurred.