[Civ. No. 17335.   First Dist., Div. One.   Sept. 13, 1957.]

KATHLEEN FERROGGIARO et al., Plaintiffs and Appellants, v. WALELA MAY BOWLINE et al., Defendants and Appellants; CHARLES RUDOLPH TIPRI et al., Respondents.

Hoberg & Finger and George H. Sullivan for Plaintiffs and Appellants.

Clark, Heafey & Martin, Goldstein, Brann & Stern and Barfield & Barfield for Defendants and Appellants.

Low & Duryea for Respondents.

PETERS, P. J.—The heirs of Albert Ferroggiaro brought an action for damages resulting from the death of Ferroggiaro when the automobile in which he was riding as a passenger driven by Edward Silverman collided with one operated by Walela May Bowline. The plaintiffs named as defendants both Silverman and Bowline, charging each with negligent operation of their respective automobiles, and also named as defendants Charles Tipri, and his employer, the Petri Brothers of Tracy. So far as the liability of these last named defendants is concerned, the amended complaint alleges that the accident happened at the intersection of Highways 99 and 399 in Kern County on October 4, 1954; that on that day, Tipri, in the course of his employment and in an automobile owned by his employer, was driving "in the vicinity" of the named intersection; that he "so carelessly and negligently drove and operated said automobile as to cause the same to leave the roadway and collide with the mechanism that controls the traffic signals at said intersection, thereby causing said traffic signals to cease to function"; that immediately prior to these acts the traffic at the intersection was controlled by properly functioning signals; that shortly thereafter the Silverman and Bowline cars approached the intersection at right angles; that the two cars collided; that both Silverman and Bowline were negligent and that such negligence "concurred proximately with the aforesaid carelessness and negligence of . . . Tipri, to cause the said respective vehicles to collide violently with each other," resulting in the death of Ferroggiaro.

Bowline and Silverman answered and cross-complained. Bowline named Silverman, Tipri and Petri Brothers of Tracy as cross-defendants, while Silverman named Bowline, Tipri and Petri Brothers of Tracy as cross-defendants. Each

charged the other with negligence, denied their own negligence, and both charged Tipri with concurrent negligence. The cross-complaint of Bowline alleges the negligence of Tipri substantially as did the Ferroggiaro complaint except that it is alleged that just before the accident Tipri negligently and carelessly drove his car so as to cause it to leave the roadway "and collide with a pole on which electric current was run that affected the mechanism which controlled the traffic signals at said intersection and the lights in and about the said intersection, thereby causing the said traffic signals to cease to function and causing the electric lights in and about the said intersection to go out." The damages resulting from the collision are alleged to have been the "proximate result of the aforesaid carelessness and negligence" of Tipri and Silverman.

The answer and cross-complaint of Silverman charges Bowline and Tipri with concurrent negligence in substantially the language of the Ferroggiaro complaint.

Tipri demurred generally and specially to the complaint and to the two cross-complaints. The trial court sustained the demurrers without leave to amend. Judgment was entered accordingly, and the Ferroggiaros, Silverman and Bowline appeal. The case is simply one in which each appellant charges Tipri with negligence in colliding with the power pole and thus extinguishing the nearby traffic lights, and then charges that this negligence concurred with the negligence of other designated persons to cause the accident. On the present appeal the sole question is whether the charged negligence of Tipri was a proximate cause of the accident, or whether the intervening negligence of some third party, as a matter of law, broke the chain of causation. Possible contributory negligence of Bowline and Silverman is not now involved, contributory negligence being a matter of defense.

Appellants argue that in negligently colliding with the pole and extinguishing the traffic lights Tipri breached a duty of care owed to a class of which appellants were all members, namely, those using the highway at the intersection in question, and that even if Bowline and Silverman were subsequently negligent, such negligence was, at most, concurrent and did not break the chain of causation. Appellants point out that proximate cause and foreseeability are normally questions of fact and not of law. Respondent argues that, as a matter of law, the charged negligent acts of Bowline and Silverman broke the chain of causation because it was not legally foreseeable that the negligence of Tipri would be

followed by the negligence of Bowline and Silverman. It is argued, therefore, that respondent did not foresee and necessarily could not have foreseen the results of his negligence. Under such circumstances, it is urged, proximate cause becomes a question of law.

There are certain well settled general principles that govern this appeal. ■ A defendant may be negligent for failing to guard against an intervening cause which in ordinary human experience is reasonably to be anticipated or which the defendant has reason to anticipate. In other words, the risk created by the original act of negligence may include the intervention of the foreseeable negligence of others. (Prosser on Torts, 2d ed., p. 268 et seq.) ■ The fact that the intervening act of a third person is a negligent one will not make it a superseding cause of harm to another for an injury which the original actor helped to bring about, if the original actor at the time of his negligent conduct should have realized that a third person might so act. (*Warner* v. *Santa Catalina Island Co.*, 44 Cal.2d 310 [282 P.2d 12].) That is, the defendant will be held liable for the damages resulting from an intervening cause that he could foresee, or for those which are the normal results of the risk he has created. ■ Of course, if "the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such further acts, and the original negligence cannot be said to be the proximate cause of the final injury." (*Hale* v. *Pacific Tel. & Tel. Co.*, 42 Cal.App. 55, 58 [183 P. 280].) But, if the original actor's conduct is a substantial factor in bringing about harm to another, the fact that he neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable. (*Gibson* v. *Garcia*, 96 Cal.App.2d 681 [216 P.2d 119].) ■ Time and distance do not affect the question of a defendant's liability for an intervening act except insofar as they relate to the probability of a superseding cause and the unforeseeability that damage would occur as a result of the original cause. Thus in *Osborne* v. *City of Whittier*, 103 Cal. App.2d 609 [230 P.2d 132], a fire negligently started in defendant's disposal dump and spread over intervening property to the plaintiff's property. The court, in reversing a judgment based on the sustaining of a demurrer without leave

to amend, stated (p. 618): "We hold, therefore, that liability is not, as a matter of law, dependent upon proximity of the damaged property to the dangerous condition, but is dependent upon the dangerous condition being a proximate cause of the damage, and that the question is one of fact."

In the present case the only question now presented is whether or not, when Tipri negligently collided with the power pole, and thus extinguished the traffic signals and other lights at the intersection, was it reasonably foreseeable that, as a result, cars might collide at the intersection? The answer to this question seems quite clear—it cannot be said, as a matter of law, that the type of accident that did occur was not reasonably foreseeable.

There are many cases dealing with analogous situations. Thus, where the first actor negligently maintains an obstruction in the public streets and the plaintiff is required to go around the obstruction and is injured by the negligence of a second and subsequent actor, the second act of negligence is reasonably foreseeable and both actors may be held liable. (*Inai* v. *Ede,* 42 Cal.App.2d 521 [109 P.2d 400].) In *Jones* v. *City of South San Francisco,* 96 Cal.App.2d 427 [216 P.2d 25], in applying this rule to such a situation the court stated (p. 435): "It is a rare case where the court may hold, as a matter of law, that the intervening act breaks the chain of causation because whether it was reasonably foreseeable is a question of fact and not of law. The second act will break the chain of causation only where, under no rational interpretation of the evidence, could the later act of negligence have been reasonably foreseen." (See also *Mosley* v. *Arden Farms Co.,* 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872].)

In *Jackson* v. *Utica Light & Power Co.,* 64 Cal.App.2d 885 [149 P.2d 748], an employee of a construction company met his death by electrocution when his power shovel came in contact with a farmer's telephone wire which was strung upon the same poles as were defendant's high voltage power lines. A distant pole had broken as a result of a rotten condition and, as a result, the power lines had fallen on the telephone wires. The court affirmed judgment for the plaintiff, holding that the power company's negligence in failing to repair the situation or to inspect the poles after notice that construction work was to begin on a new highway running under the wires was a proximate cause of the death of the decedent.

The case of *Walmsley* v. *Rural Telephone Ass'n of Delphos,* 102 Kan. 139 [169 P. 197], is an interesting one. In that

case defendant negligently permitted its telephone wire to sag across a public highway. Plaintiff, riding on a wagon with a grain bin loaded on it, was shot when the grain bin caught on the wire, causing the wagon to upset and throwing plaintiff to the ground. The bin struck the rifle which the plaintiff was carrying, discharging the gun and wounding him. The court affirmed judgment for the plaintiff, stating (p. 199): "Damage of some sort was natural and probable, almost inevitable. That somebody would be shot through defendant's negligence would not have been anticipated. But the law does not say that if the particular injury arising from the negligence cannot be anticipated, a recovery cannot be had. That some damage, some injury, would probably arise from the existing negligence, and that it could reasonably have been expected, is all that the law requires to justify a recovery."

The same thought was expressed in *Carroll* v. *Central Counties Gas Co.*, 74 Cal.App. 303, 307 [240 P. 53], where it was stated: "If the negligent act or omission is one which the company ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, then it is liable for any injury proximately resulting therefrom, although it might not have foreseen the particular injury which did happen." (See also *Lim Ben* v. *Pacific Gas & Elec. Co.*, 101 Cal.App. 174 [281 P. 634].)

In *Burke* v. *W. R. Chamberlin & Co.*, 51 Cal.App.2d 419 [125 P.2d 120], defendant's stevedores negligently placed a block of wood on a dock. A lumber carrier struck the block of wood causing it to fly through the air and injure the plaintiff. The court affirmed a judgment for plaintiff, holding that the stevedores should have foreseen the injury.

There are at least two cases dealing with the liability of municipalities for improper maintenance of street signals that are relevant. In *Bady* v. *Detwiler*, 127 Cal.App.2d 321 [273 P.2d 941], the signals at an intersection were all stuck on "Go," and two cars collided. A judgment against the city was affirmed, the court holding that whether the negligence of the city was a proximate cause was a question of fact and not of law. In *Irvin* v. *Padelford*, 127 Cal.App.2d 135 [273 P.2d 539], the city had constructed stop signs where intersecting streets entered a through highway. It temporarily removed one sign for repairs. An accident ensued. The court held that the city, by removing the sign, created a dangerous condition. Whether this was a proximate cause of the accident was a question of fact and not of law.

In *Gibson* v. *Garcia,* 96 Cal.App.2d 681 [216 P.2d 119], an automobile hit a pole maintained by the street railway company and the pole broke and hit the plaintiff. Plaintiff sued the street railway company alleging that the pole was weak, that the condition was known to defendant, and that its negligence was a proximate cause of the accident. Defendant's demurrer was sustained without leave to amend. This was reversed, the court holding that proximate cause was a question of fact and not of law.

*Carroll* v. *Central Counties Gas Co.,* 74 Cal.App. 303 [240 P. 53], illustrates the inclination of the courts to hold that the question of foreseeability is generally one of fact and not of law. There the automobile in which plaintiff was riding swerved to avoid an oncoming vehicle. Plaintiff's automobile fell from a bridge and broke a gas line operated by defendant. This permitted gas to escape which became ignited and burned the plaintiff. The trial court sustained a demurrer without leave to amend. This was reversed, the court holding that it could not be said, as a matter of law, that the defendant gas company could not reasonably have foreseen the likelihood of danger from the pipe to persons lawfully using the highway.

At page 308 it was stated: ''Whether negligence *can* be inferred from the evidence is for the determination of the court, but whether it *ought* to be inferred is a question for the jury. [Citing a case.] This rule applies where the facts are undisputed, as well as where the evidence is conflicting, if conflicting inferences can reasonably be drawn therefrom.''

Respondent attempts to distinguish some of these cases by urging that most of them involved situations in which the defendant had direct control of the instrumentality causing the injury, and therefore had superior knowledge of its location, condition and propensity. This may be true, but such reasoning does not distinguish the rationale of these cases.

Under the allegations of the respective pleadings Tipri's acts created the specific condition which resulted in the injury. While he did not construct, maintain or repair the lights, his negligent acts did cause them to cease to function. Under the circumstances reasonable minds can differ on the issue of foreseeability. Therefore, Tipri's liability involved a question of fact and not of law.

Some contention is made that foreseeability in such an action must be pleaded and that the pleadings are defective in this respect. It is undoubtedly true that if the possibility of the intervening act is not obvious from the facts of negli-

gence pleaded, a general allegation of proximate cause is not sufficient. (*Frace* v. *Long Beach City High Sch. Dist.*, 58 Cal.App.2d 566 [137 P.2d 60] ; *Katz* v. *Helbing*, 205 Cal. 629 [271 P. 1062, 62 A.L.R. 825].)　　Here the pleadings of appellants allege that Tipri negligently collided with the pole causing the traffic lights at the intersection to be extinguished; that a short time later the Bowline and Silverman automobiles collided at the intersection, and that the injuries resulting were the direct and proximate result of the negligence of Tipri and others. The foreseeability of the intervening act would seem to be reasonably obvious from the facts of negligence pleaded. Thus, the pleadings were sufficient.

　　Moreover, if as against a special demurrer, the facts upon which foreseeability is predicated should be more clearly set forth, it was an abuse of discretion to sustain the demurrers without leave to amend. As long as there exists a reasonable possibility that the defect can be cured by amendment, such right should be afforded. (See 2 Witkin, California Procedure, p. 1496, § 505; *Thomas* v. *Bruza,* 151 Cal.App.2d 150 [311 P.2d 128] ; *Klopstock* v. *Superior Court,* 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318] ; *Baker* v. *Littman,* 138 Cal. App.2d 510 [292 P.2d 595] ; *Adkins* v. *San Francisco,* 8 Cal. App.2d 620 [47 P.2d 751].)

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.