[Civ. No. 22249. First Dist., Div. Two. Jan. 13, 1966.]

SALLY ARROYO et al., Plaintiffs and Respondents, v. ARDEN FARMS CO., INC., et al., Defendants and Appellants.

Sedgwick, Detert, Moran & Arnold, Hans A. Kruger and Edward T. Moran for Defendants and Appellants.

Dorsey Redland and John A. McGuinn for Plaintiffs and Respondents.

SHOEMAKER, P. J.—Defendants appeal from an order granting plaintiffs a new trial.

Plaintiffs Sally Arroyo and Angela French brought this action to obtain damages for personal injuries sustained in an automobile accident allegedly caused by the concurrent negligence of the employee-driver of the vehicle owned by defendant Peerless Laundry Company and Zoric Cleaners (hereafter referred to as ''Peerless'') and defendant Fred Brown, the employee-driver of the vehicle owned by defend-

ant Arden Farms Co., Inc. (hereafter referred to as "Arden").

After a trial by jury, verdict and judgment were in favor of all three defendants and against both plaintiffs.

Plaintiffs thereafter moved for a new trial on the grounds of insufficiency of the evidence to justify the verdict, accident or surprise, newly discovered evidence, irregularity in the proceedings which prevented plaintiffs from having a fair trial, and error in law occurring at the trial.

The court granted the motion upon all the grounds therein specified, specifically mentioning the ground of insufficiency of the evidence to sustain the verdict.

All three defendants filed notice of appeal from the order granting plaintiffs a new trial.

Defendants first contend that the order appealed from cannot be upheld on the ground of insufficiency of the evidence to support the verdict. Defendants Brown and Arden assert that the evidence fails to demonstrate that either of them was guilty of any negligent conduct. Defendant Peerless denies that there was any evidence that its driver was negligent and further denies that any such negligence, if present, was a proximate cause of plaintiffs' injuries.

It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse an order granting a new trial on this ground. (*Ferrel* v. *Safway Steel Scaffolds* (1962) 57 Cal.2d 651, 653 [21 Cal.Rptr. 575, 371 P.2d 311]; *Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]; *Apodaca* v. *Trinity Lumber Co.* (1964) 226 Cal.App.2d 1, 6 [37 Cal.Rptr. 731].) In the instant case, the record does contain substantial evidence warranting a judgment against all three defendants.

The accident occurred at approximately 2:30 p.m., on San Bruno Avenue in San Francisco. Plaintiff Arroyo was driving a station wagon in which plaintiff French was riding as a passenger. Mrs. Arroyo had executed a left turn from Silver Avenue onto San Bruno Avenue and was proceeding at a speed of 5 to 15 miles per hour when she saw a man run from a store located on the right-hand side of the street and get into a Peerless laundry truck parked at the curb. Immediately thereafter and without looking around, the man drove the truck away from the curb and into Mrs. Arroyo's lane of traffic. Mrs. Arroyo told her passenger that the truck was coming out and that she was going to stop to avoid being hit.

She then applied her brakes and came to a complete stop. In seconds thereafter, her car was struck from the rear by the Arden truck.

Immediately after the accident, defendant Brown told both plaintiffs that he was sorry, that he saw that they were stopped in plenty of time but didn't stop himself. He also asked them not to call the police because he was afraid he would get a ticket.

When questioned by a police officer, Brown stated that he had stopped for an arterial stop sign at the Silver-San Bruno intersection, and had "noticed the brakes." He continued on until he saw the Arroyo car and then applied his brakes, but they would not hold. He thought that the brake cylinder must have snapped.

A police officer who tested the brakes on the Arden truck shortly after the accident found them completely inoperative.

Clarence Hoffman, a mechanic employed by Arden, was called by plaintiffs as an adverse witness. Hoffman stated that he personally performed all repair and maintenance work on all 30 of the Arden trucks. The truck driven by Brown on the day of the accident had been used by Arden since 1955 and had been under Hoffman's supervision since 1958. He had never relined the brakes on the truck and had never removed the wheels to examine the brakes prior to the accident. Although he had adjusted the brakes on the truck on various occasions, he only checked the brakes when the driver of the truck registered a complaint. In his opinion, excessive wear of the brake drum or lining would result in less pedal and would be noticeable to a driver.

Hoffman's records indicated that a month prior to the accident, he had adjusted the brakes on the truck driven by Brown. He was unable to recall the specific adjustments he had made on that occasion but stated that his usual procedure was to raise each wheel off the ground and move the shoe against the drum by inserting an adjusting tool into a hole in the backing plate. When using this procedure, he did not look at the brake but obtained the adjustment by feel.

Harold Tesene testified that he was employed by Arden to repair the truck following the accident. He found that the right rear brake drum was worn a quarter of an inch and that the lining on the lower shoe on the right rear brake was completely worn out. In his opinion, the wear to the brake

drum had occurred during the last 100 to 150 miles prior to the accident. Although rapid wear of this nature was unusual, he believed that it had been caused by the breaking of the bolt holding the brake shoe in line with the brake drum.

Plaintiffs' expert witness, Warren Parker, had been a brake specialist for 18 years and had conducted training classes for brake mechanics. Parker was of the opinion that the Arden truck would have required a brake relining between 1958 and November 1961. He stated that if the bolt connected to the brake shoe had come loose while the brake lining was in good condition, it would take at least four to six months for the lining to wear off the brake drum and for the brake drum to wear a quarter of an inch. He further stated that in the absence of a bolt, the shoe would have a tendency to cock and not be parallel to the drum. This condition would be noticeable to anyone operating the vehicle, since the brake pedal would go further down toward the floorboard and there would also be a delayed braking action causing the vehicle to pull to one side.

The foregoing evidence is sufficient to support a finding that the Peerless driver was guilty of negligence when he pulled abruptly from the curb and into plaintiffs' lane without first having looked for approaching traffic. The evidence is also sufficient to support a finding that Arden and Brown were both negligent in that they knew or should have known months before the accident that the braking mechanism on the Arden truck was becoming increasingly defective and dangerous.

Peerless contends, however, that the negligent conduct of its driver cannot be deemed a proximate cause of the accident, and in support thereof cites the case of *Arthur* v. *Santa Monica Dairy Co.* (1960) 183 Cal.App.2d 483 [6 Cal. Rptr. 808]. In that case, the court held that the driver of an illegally parked truck was not the proximate cause of an accident which occurred when a second driver, who had spent 10 seconds searching for a lighted cigarette on the floor of his car drove into the truck. The court concluded that the conduct of the second driver was such that the accident would have occurred even if the truck had been legally stopped and that the driver of the truck could not reasonably have foreseen that another driver would run head-on into a truck parked ahead of him which was in plain sight and had been stopped for some time.

Peerless asserts that the instant case is factually indistinguishable from the *Arthur* case because the defective condition of the brakes on the Arden truck would have caused an accident even in the absence of any negligent conduct on the part of the Peerless driver. Peerless also asserts that its driver could not reasonably have foreseen that a driver with completely inoperative brakes would appear upon the scene.

We are convinced that the contention of Peerless is unsound.

Although it is certainly possible that an accident would still have occurred in the absence of the Peerless driver's negligent conduct, it is also possible that if plaintiff Arroyo had not been required to stop her car when she did, the driver of the Arden truck, upon discovering the defective condition of his brakes, could have avoided an accident by utilizing his emergency brake or shifting into a lower gear and thereby bringing his truck to a safe stop. The foreseeability of the Arden driver's conduct also presents a factual question for the jury. The Peerless driver clearly could have foreseen that his negligent conduct might cause plaintiff Arroyo to come to a sudden stop and might in turn cause another car to strike her from the rear. In the instant case, plaintiff Arroyo was able to bring her car to a more gradual stop and was struck in the rear by a car with inoperative brakes. However, the end result is precisely the one which the Peerless driver could have anticipated and which he negligently failed to avoid.

In *Gibson* v. *Garcia* (1950) 96 Cal.App.2d 681 [216 P.2d 119], the court held that a negligent defendant whose conduct was a substantial factor in bringing about harm to another could not escape liability merely because the harm came about in a manner which he neither foresaw nor should have foreseen. In that case, a rotten pole which had been negligently maintained by defendant railway fell upon the plaintiff when a negligent driver drove onto the sidewalk and collided with the pole. Although the railway's negligence consisted of its failure to guard against the possibility that the pole might fall during a rain or wind storm or might fall of its own weight, it could not escape liability merely because the anticipated result, the falling of the pole, came about in an unforeseen manner. (To the same effect, see *American Auto Ins. Co.* v. *Transport Indem. Co.* (1962) 200 Cal.App. 2d 543, 551 [19 Cal.Rptr. 558]; *Ferroggiaro* v. *Bowline* (1957) 153 Cal.App.2d 759, 763 [315 P.2d 446].)

We have shown that the record does contain substantial evidence in support of a judgment against all three defendants, and that the trial court was justified in granting plaintiffs a new trial on the ground of the insufficiency of the evidence to support the defense verdict. It is therefore unnecessary to determine whether the order appealed from could also be upheld on any of the other grounds specified in plaintiffs' motion.

The order granting plaintiffs a new trial is affirmed.

Agee, J., and Taylor, J., concurred.