[Civ. No. 55238. Second Dist., Div. Four. May 14, 1979.]

GEORGE A. HORMEL & COMPANY, Plaintiff and Respondent, v. WILLIAM MAEZ, Defendant and Appellant.

**COUNSEL**

Warren Adler and Jose A. Garza for Defendant and Appellant.

Chettle & Valentine and A. B. Chettle, Jr., for Plaintiff and Respondent.

**OPINION**

**ALARCON, J.**—Defendant William Maez has appealed from a judgment entered against him and in favor of plaintiff George A. Hormel & Company following a court trial. Judgment was entered for plaintiff in the sum of $1,910.85 plus costs against defendant William Maez only.

*Summary of the Facts*

On July 22, 1975, appellant was operating a motor vehicle on a public street in La Mirada, California. He was traveling at approximately 60-65 miles per hour when he lost control of the vehicle and struck a power pole. As a result of the collision, the power pole was broken and power lines were downed. Defendant was arrested some short time after the accident and charged with driving under the influence of alcohol, leaving the scene of an accident, and operating a motor vehicle without a valid driver's license.

A witness, Albert Thomas, testified that he saw defendant's vehicle strike the power pole and that the lights in the area immediately went out. The witness testified that the power pole was broken off three to four feet above the ground, wires from it were sparking, and the transformer was broken.

An employee of plaintiff testified that at the time of defendant's accident, a power surge burned out the motor on an ammonia compressor in plaintiff's factory, destroying the motor. The motor was ultimately replaced at a cost of approximately $920. He further testified that all power was shut off in the plant for approximately two hours, resulting in damages of approximately $1,050 for wages paid to idled employees.

The court awarded plaintiff judgment for the amount of damages incurred by reason of the damaged motor and the wages paid.

*Contention on Appeal*

■ Appellant contends that the judgment in favor of plaintiff is error; that there can be no award based on negligence in this action because defendant owed no duty of due care to this plaintiff.

■ Actionable negligence consists of three elements: (1) a defendant's legal duty to use due care; (2) a breach of that duty; and (3) the breach as the proximate or legal cause of plaintiff's resulting injury. (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594 [83 Cal.Rptr. 418, 463 P.2d 770].) ■ The general duty owed by a driver of a motor vehicle is explained in comment e to the Restatement Second of Torts, section 281, page 6, as follows: "[T]he duty to exercise reasonable care in driving an automobile down the highway is established for the protection of the persons or property of others against all of the unreasonable possibilities of harm which may be expected to result from

collisions with other vehicles, or with pedestrians, or from the driver's own automobile leaving the highway, or from narrowly averted collisions or other accidents. When harm of a kind normally to be expected as a consequence of the negligent driving results from the realization of any one of these hazards, it is within the scope of the defendant's duty of protection." ▮ Appellant contends, however, that the injury sustained by plaintiff herein is not "harm of the kind normally to be expected as a consequence of negligent driving," and argues that thus defendant owed no duty to this particular plaintiff. In *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], the Supreme Court explained at page 734: "The assertion that liability must nevertheless be denied because defendant bears no 'duty' to plaintiff 'begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. . . . It [duty] is a shorthand statement of a conclusion, rather than an aid to analysis in itself. . . . But it should be recognized that "duty" is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' (Prosser, Law of Torts, *supra*, at pp. 332-333.)"

An analysis of whether a duty is owed by a defendant to a particular plaintiff must begin with a recognition of the policy embodied in Civil Code section 1714 which states in part: "(a) Everyone is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, . . ." In *Rowland* v. *Christian* (1968) 69 Cal.2d 108, [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], the Supreme Court explained at pages 112-113 that the principle established in Civil Code section 1714 should not be departed from except in rare situations. ▮ "Although it is true that some exceptions have been made to the general principle that a person is liable for injuries caused by his failure to exercise reasonable care in the circumstances, it is clear that in the absence of statutory provision declaring an exception to the fundamental principle enunciated by section 1714 of the Civil Code, no such exception should be made unless clearly supported by public policy. [Citations.] [¶] A departure from this fundamental principle involves the balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to

exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]"

■ Appellant argues that in this case the harm suffered was not reasonably foreseeable. Certainly the most important consideration in determining whether a duty exists is whether the harm suffered was foreseeable to the defendant. ■ "The most important of these considerations in establishing duty is foreseeability. As a general principle, a 'defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which made the conduct unreasonably dangerous.' (*Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 399 . . . ; *Dillon* v. *Legg, supra,* 68 Cal.2d 782, 739; *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40 . . . .)" (*Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 434-435 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].)

In determining whether the injury suffered by the plaintiff here, economic loss as a result of a deprivation of power, was reasonably foreseeable, the test is not whether the defendant would have contemplated such injury at the time of his negligent conduct. In comment g to the Restatement Second of Torts, section 281, page 7, the authors explain: "In determining whether such events are within the risk, the courts have been compelled of necessity to resort to hindsight rather than foresight." Likewise, in *Dillon* v. *Legg, supra,* 68 Cal.2d at page 741, the Supreme Court observed: "Such reasonable foreseeability does not turn on whether the particular plaintiff as an individual would have in actuality foreseen the exact accident and loss; it contemplates that courts, on a case-to-case basis, analyzing all the circumstances, will decide what the ordinary man under such circumstances should reasonably have foreseen. The courts thus mark out the areas of liability, excluding the remote and unexpected."

■ Certainly, the injury suffered by the plaintiff herein flowed directly from and was a direct and proximate result of the negligence of the defendant. Using hindsight, it is an easy matter to trace the injury back to the cause and to find it a reasonably likely result. However, the same result is reached by an application of foresight. The natural, logical, and foreseeable consequence of striking and destroying a power pole is the disruption of power service to those in the neighboring vicinity. This is not a freak result, nor one encumbered with unforeseeable intervening acts of others.

■ Further, although not all jurisdictions are in accord, it is well settled in California that the question of foreseeability is one of fact and not law.

In *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40 at page 46 [123 Cal.Rptr. 468, 539 P.2d 36], the Supreme Court held: "The determination of *duty* is primarily a question of law. [Citation.] . . . While the question of whether one owes a duty to another must be decided on a case-by-case basis, [fn. 4 omitted] every case is governed by the rule of general application that all persons are required to use ordinary care to prevent others from being injured as the result of their conduct. [Citation.] However, foreseeability of the risk is a primary question in establishing the element of duty. [Citation.] Defendant asserts that the record here does not support a conclusion that a risk of harm to decedent was foreseeable. [¶] While duty is a question of law, *foreseeability is a question of fact for the jury.* [Citation.] The verdict in plaintiffs' favor here necessarily embraced a finding that decedent was exposed to a foreseeable risk of harm. It is elementary that our review of this finding is limited to the determination whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury." (Italics added.)

■ In the instant case, as in *Weirum,* the judgment for plaintiff necessarily implies a finding that the risk of harm to plaintiff was foreseeable by defendant. That finding, supported by substantial evidence, will not be disturbed on appeal.

Having concluded that foreseeability was properly found by the trial judge, no other problems presented in this case interfere with finding a duty owed by this defendant. Applying the balancing test of *Roland* v. *Christian, supra,* 69 Cal.2d at pages 112-113, we conclude: there is no question that plaintiff suffered actual damage as a result of the surge and subsequent cessation of power; there is a close connection between defendant's conduct and plaintiff's damage. As previously noted, the damage to plaintiff is a direct result of the defendant's negligent driving. No acts, foreseeable or otherwise, intervened between the act and the result. Appellant contends that the damages suffered here are highly unusual and unexpected. However, these same damages might have been suffered had defendant struck plaintiff's building, rather than the power pole. We see no reason why a different result should be reached here because of the fortuity that defendant struck a piece of property which did not belong to plaintiff.

Appellant argues that imposing liability of this nature on defendant will have far-reaching consequences, with virtually endless ramifications and potential liability to defendant. That potentiality, however, seems unlikely in view of the paucity of similar cases reported thus far. Our state and nationwide search has disclosed only two cases on similar facts, one in Texas, *Geo. D. Barnard Company* v. *Lane* (Tex.Civ.App. 1965) 392 S.W.2d 769, and one in California, *Ferroggiaro* v. *Bowline* (1957) 153 Cal.App.2d 759 [315 P.2d 446, 64 A.L.R.2d 1355]. In any event, the prospect of allowing future litigation was addressed in *Dillon* v. *Legg, supra,* 68 Cal.2d at page 735. The Supreme Court stated at footnote 3: "To the extent that this argument shades into the contention that such claims should be denied because otherwise courts would experience a 'flood of litigation,' we point out that courts are responsible for dealing with cases on their merits, whether there be few suits or many; the existence of a multitude of claims merely shows society's pressing need for legal redress."

The conclusion we reach today is supported by the only California case on similar facts. In *Ferroggiaro* v. *Bowline, supra,* 153 Cal.App.2d 759, defendant negligently drove his automobile into a power pole, stopping current which supplied traffic lights at a nearby intersection. Plaintiff's vehicle collided with another vehicle at that intersection, and defendant's demurrer to the complaint was sustained without leave to amend. The reviewing court overruled the trial court's dismissal of the action and found that the damages to plaintiff were reasonably foreseeable by defendant therein, in spite of the intervening conduct of the plaintiff and the driver of the other vehicle. The court stated at page 764: "In the present case the only question now presented is whether or not, when Tipri negligently collided with the power pole, and thus extinguished the traffic signals and other lights at the intersection, was it reasonably foreseeable that, as a result, cars might collide at the intersection? The answer to this question seems quite clear—it cannot be said, as a matter of law, that the type of accident that did occur was not reasonably foreseeable." With respect to the issue of foreseeability, the *Ferroggiaro* court concluded that foreseeability was a question of fact to be later determined by the trier of fact and that the court therefore erred in finding that the complaint did not state a cause of action as a matter of law. At page 766 the court ruled: "Under the allegations of the respective pleadings Tipri's acts created the specific conditions which resulted in the injury. While he did not construct, maintain or repair the lights, his negligent acts did cause them to cease to function. Under the circumstances reasonable minds can differ on the issue of foreseeability. Therefore, Tipri's liability involved a question of fact and not of law."

The damages suffered by plaintiff herein were reasonably foreseeable, and thus defendant owed a duty of due care to this plaintiff. Defendant's breach of that duty proximately caused the plaintiff's damages.

The judgment for plaintiff is affirmed. Each party to bear his or its own costs on appeal.

Files, P. J., and Jefferson (Bernard), J., concurred.