[Crim. No. 17450. Fourth Dist., Div. Three. May 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JEAN PHILLIPS, Defendant and Appellant.

COUNSEL

Glenn Durfee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, Acting P. J.—Appellant Jean Phillips attacks a condition of probation requiring her to pay restitution, imposed after her conviction for driving under the influence of alcohol. (Veh. Code, § 23152, subd. (a).)[1] We affirm.

Phillips was originally charged with two felonies: driving under the influence of alcohol and causing bodily injury to another (§ 23153, subd. (a)), and driving with a blood alcohol content of 0.10 percent or more and caus-

---

[1]All statutory references are to the Vehicle Code unless otherwise specified.

ing bodily injury to another (§ 23153, subd. (b)).[2] The act forbidden by law (see § 23153, subds. (a), (b)) alleged was failure to obey a red light (§ 21453, subd. (a)).

Phillips was a driver in a serious traffic accident involving several cars at a major intersection. She and another driver were seriously injured. The evidence conflicted on the status of the traffic light at the time of the collision. The prosecution established Phillips had a blood alcohol content of 0.15 percent, and showed other symptoms of alcohol intoxication. She admitted drinking two or three mixed drinks earlier that day, but denied being inebriated and presented a corroborating witness regarding her sobriety.

After lengthy deliberations, the jury returned verdicts of guilty on two lesser included misdemeanor offenses: driving under the influence of alcohol (§ 23152, subd. (a)) and driving with a blood alcohol content of 0.10 percent or more (§ 23152, subd. (b)). The jury actually returned no verdict on the felonies, but the trial court treated the verdicts on the misdemeanors as acquittals on the felonies. In addition, at the time of sentencing, the court struck the section 23152, subdivision (b), conviction.

Phillips was sentenced the same day the verdicts were returned. As one condition of probation, the court ordered Phillips to pay restitution, not to exceed a total of $1,000. She objected, contending the jury had absolved her of responsibility for the accident by returning verdicts of guilty on the lesser included misdemeanors rather than the charged felonies. Nevertheless, the court found Phillips' driving was a cause of the accident and concluded restitution would foster her rehabilitation.

I

■ Penal Code section 1203.1 gives a sentencing court broad discretion to describe conditions of probation to foster rehabilitation and protect the

---

[2]Section 23153 provides: "(a) It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver. [¶] (b) It is unlawful for any person, while having 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver. [¶] For purposes of this subdivision, percent, by weight, of alcohol shall be based upon grams of alcohol per 100 milliliters of blood. [¶] In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.10 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.10 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving. [¶] (c) In proving the person neglected any duty imposed by law in the driving of the vehicle, it is not necessary to prove that any specific section of this code was violated."

public. (*People* v. *Pointer* (1984) 151 Cal.App.3d 1128, 1136 [199 Cal.Rptr. 357].) The discretion is not boundless (*id.,* at p. 1137), but "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], fn. omitted.)

## II

■ It is abundantly clear restitution has a relationship to the crime of which Phillips stands convicted. (See, e.g., *People* v. *Washburn* (1979) 97 Cal.App.3d 621 [158 Cal.Rptr. 822].) ■ Civil Code section 1714, subdivision (a), provides, in pertinent part, "Every one is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person. . . ." (See generally *Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 750 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].) This duty applies to drivers. (*George A. Hormel & Co.* v. *Maez* (1979) 92 Cal.App.3d 963, 966-967 [155 Cal.Rptr. 337, 15 A.L.R.4th 1141].) ■ Generally speaking, driving under the influence of alcohol is negligence as a matter of law (see *Mehling* v. *Zigman* (1953) 116 Cal.App.2d 729, 734-736 [254 P.2d 141]; Evid. Code, § 669), and justifies punitive damages in an appropriate case (see *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147 [181 Cal.Rptr. 784, 642 P.2d 1305]; *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854].) ■ When alcohol intoxication contributes to an automobile accident and ensuing injuries, restitution is proper. (See *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 262 [198 Cal.Rptr. 145, 673 P.2d 732].)

## III

Phillips' complaint focuses on the second of *Lent*'s requirements: she contends, relying primarily on *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97], the condition relates to conduct which is not in itself criminal. Richards was charged with two counts of grand theft arising out of separate transactions; he was convicted of one and acquitted of the other. The trial court, however, required restitution on both transactions as a condition of probation. The Supreme Court held "absent extraordinary circumstances probation for a defendant may not be conditioned on restitution of sums involved in a purported crime of which he [or she]

was acquitted." (*Id.*, at p. 616; see also *In re Maxwell C.* (1984) 159 Cal.App.3d 263 [205 Cal.Rptr. 310]; *People* v. *Takencareof* (1981) 119 Cal.App.3d 492, 497-500 [174 Cal.Rptr. 112]; *People* v. *O'Rourke* (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92].) Phillips argues acquittal[3] on the felony charges absolved her of responsibility for the accident, rendering restitution for the damage and injuries improper.

Resolution of the issue requires us to examine the nature and elements of the felony offenses with which Phillips was charged. ▮ "In order to prove felony drunk driving, the People had the burden of establishing beyond all reasonable doubt the following elements of the offense: (1) that the defendant drove a vehicle on the public highway; (2) that he [or she] was then and there under the influence of intoxicating liquor; (3) that he [or she] did some act forbidden by law or neglected a duty imposed by law in the driving of such vehicle; and (4) that such act or neglect proximately caused bodily injury to a person other than himself [or herself]." (*People* v. *Clark* (1962) 202 Cal.App.2d 513, 516 [20 Cal.Rptr. 803].)[4] The act forbidden by law or neglect of duty (see § 23153, subd. (c)) must be a *proximate cause* of the bodily injury to establish culpability under section 23153. (*Ibid.*; see also *People* v. *Lares* (1968) 261 Cal.App.2d 657, 665 [68 Cal.Rptr. 144]; *People* v. *Baxter* (1958) 165 Cal.App.2d 648, 650 [332 P.2d 334]; *People* v. *Graybehl* (1944) 67 Cal.App.2d 210, 216-217 [153 P.2d 771]; *People* v. *Dawes* (1940) 37 Cal.App.2d 44, 48-49 [98 P.2d 787]; see generally *Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134]; *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75, 79 [95 Cal.Rptr. 547].) The terms "any act forbidden by law" or "neglects any duty imposed by law" refer to acts forbidden by the Vehicle Code and duties imposed by the Vehicle Code. (*People* v. *Clenney* (1958) 165 Cal.App.2d 241, 252-253 [331 P.2d 696].)

The section 23152, subdivision (a), guilty verdict reflects the jury's belief Phillips drove under the influence of alcohol. The failure to find her guilty of the felony offenses can only be based on one, or both, of two possible conclusions: the jurors did not believe Phillips ran the red light in violation of section 21453, subdivision (a), or, they did not believe the section 21453, subdivision (a), violation was a proximate cause of the injuries to others.

---

[3]We treat the guilty verdicts on the lesser included offenses, as did the trial court, as acquittals on the greater offenses.

[4]The difference between subdivisions (a) and (b) of section 23153 is irrelevant to our discussion. The former requires the driver to be under the influence of alcohol and the latter requires only that the driver have a blood alcohol content of 0.10 percent or more. We also note cases interpreting former "felony drunk driving" provisions of the Vehicle Code (§§ 501, 23101) are appropriately cited because, for purposes of our discussion, the former provisions were the same as section 23153.

They were not called upon to consider any other proximate cause of the accident: no other independent violation was alleged, nor was the jury instructed on the concept of "neglect[ing] any duty imposed by law in the driving of the vehicle." ■ But this does not mean the jury, by acquitting Phillips on the felonies, absolved her of responsibility for the accident. The jury was not called upon to decide whether Phillips' *intoxication* was a proximate cause of the accident and ensuing injuries. Consequently, the acquittal on the felonies did not resolve this issue.

*People* v. *Richards, supra,* 17 Cal.3d 614 is distinguishable because it involved restitution for a transaction reflected in a criminal accusation of which the defendant was found not guilty. The Supreme Court said: "Trial courts are granted broad discretion under Penal Code section 1203.1 to prescribe conditions of probation. [Citation.] However, a condition imposed must serve a purpose specified in the code section. [¶] This requirement presents no problem for a court ordering a convicted defendant to make restitution to the victim for damages actually caused by the crime. Section 1203.1 expressly allows courts to impose reparation conditions 'for any injury done to any person resulting from such breach.' A closer question arises, however, when the court imposes a probationary condition requiring a defendant to pay a third party for losses not actually caused by the defendant's crime. In those circumstances the defendant is in effect required to choose between accepting incarceration and righting a wrong he [or she] may not in fact have committed." (*Id.,* at p. 619.)

But in the present case the court did *not* "impose[] a probationary condition requiring a defendant to pay a third party for losses not actually caused by the defendant's crime." Rather, the court concluded Phillips' drunk driving *was a contributing cause* of the accident. "Restitution may exceed the losses for which a defendant has been culpable [citations]." (*Id.,* at pp. 619-620.) The fact the jury did not resolve Phillips' culpability for the accident as a drunk driver did not bar the trial court from so doing.[5]

"But courts must tread lightly in this area lest they be reduced to 'mere collection agencies' [citations], and restitution must in each case be narrowly tailored to serve a purpose described in section 1203.1. ■ [¶] The major goal of section 1203.1 is to rehabilitate the criminal. Restitution im-

___

[5]Phillips borrows a great deal of the language in *Richards* with respect to "state of mind" to argue the sentencing court ordered restitution for a crime of which Phillips was acquitted. ("It is obvious that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he [or she] was convicted, [the] salutary rehabilitative effect cannot take place." [*Id.,* at p. 622, fn. omitted.]) The discussion is inapposite. *Richards* would only truly be analogous had Phillips been charged with two injury "DUI's" arising from separate accidents, and acquitted entirely on one, but ordered to pay restitution on that transaction nonetheless.

posed in a proper case and in an appropriate manner may serve the salutary purpose of making a criminal understand that he [or she] has harmed not merely society in the abstract but also individual human beings, and that he [or she] has a responsibility to make them whole." (*Id.*, at p. 620.) In *Richards,* however, the trial court appeared to be resolving civil liability, or, put another way, establishing Richards owed a debt. (*Ibid.*) The Supreme Court found this was improper. (*Id.*, at pp. 620-624.) That did not happen here. The sentencing court specifically said the restitution was for the purpose of rehabilitation. This is strongly supported by the fact there was no attempt to resolve civil liability by determining the full amount of any "debt."

The facts of *People* v. *Lent, supra,* 15 Cal.3d 481, reinforce this conclusion. Lent was ordered to pay restitution for a transaction resulting in a charge of which he was acquitted. While an acquittal would normally preclude such a restitution order, additional circumstances were developed at a lengthy probation hearing revealing the defendant's culpability in the transaction, as well as perjury during the trial about the disposition of money involved in the count of which he was acquitted. (*People* v. *Lent, supra,* at p. 487.) The Supreme Court upheld the order.

*Lent* leads us to a pivotal issue in the present case: under what circumstances can a sentencing court order restitution for damage or loss to a victim where, as here, the conviction does not *necessarily* establish the defendant's culpability for the loss? Guiding resolution of the question is our recognition a trial court has broad discretion in this area, to foster rehabilitation and protect the public. (*People* v. *Pointer, supra,* 151 Cal.App.3d 1128, 1136.)

*People* v. *Clark* (1982) 130 Cal.App.3d 371 [181 Cal.Rptr. 682] is instructive. Clark was convicted of involuntary manslaughter and was placed on probation, with a condition requiring him to pay restitution to the victim's four children. The Court of Appeal upheld the condition, rejecting Clark's argument "a restitution condition may never be ordered in favor of anyone other than the direct victim of a crime and may not be ordered for any amount other than direct liquidated damages." (*Id.*, at p. 385.) Relying on *Lent* and *Richards,* the court indicated "the propriety of a particular restitution condition must be determined by reference to the purposes of probation in light of the facts and circumstances of each case." (*Ibid.*) "The rule which may be derived from the decisions in *Lent* and *Richards* is that a restitution condition of probation must be calculated to serve one of the statutory purposes for which such a condition may be imposed. A trial court has broad discretion in determining whether such a condition is appropriate, but the record must support its determination. Among the statutory purposes

for which a probation condition requiring restitution may be imposed is that amends may be made 'for any injury done to any person resulting from such breach [of the law].' (Pen. Code, § 1203.1, par. 4.)" (*Id.*, at p. 386, fn. omitted.)

*People* v. *Goss* (1980) 109 Cal.App.3d 443 [167 Cal.Rptr. 224] further illustrates the point. Goss was convicted of attempted burglary and was required to pay restitution for the entire amount of the damage done ($150), despite the fact there was a confederate involved. The court of appeal upheld the condition, holding it did not contravene the guidelines reiterated in *Lent*.

In the present case, while Phillips contended the jury's verdict absolved her of responsibility for the accident, this was a misstatement borne of a misunderstanding about the elements of felony drunk driving. At sentencing, she did not attempt to show her intoxication was not a cause of the accident. *Had she so requested,* she should have been entitled to present evidence at the probation hearing tending to prove she was not responsible for the accident in any way. (See *People* v. *Hartley* (1984) 163 Cal.App.3d 126, 130 [209 Cal.Rptr. 131]; *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 358 [201 Cal.Rptr. 187].) But no such request was made. Consequently, she may not now complain about the court's reliance on the trial record. (See *People* v. *Williams* (1966) 247 Cal.App.2d 394, 400-409 [55 Cal.Rptr. 550]; see also *People* v. *Hartley, supra,* at p. 130.) The court had before it, from the trial, extensive defense and prosecution evidence about the circumstances of the accident. We cannot say the trial court abused its discretion when it found the manner in which Phillips drove, affected by her intoxication, was *a* cause of the accident and ensuing injuries. The record supports the trial court's conclusion. (See *People* v. *Clark, supra,* 130 Cal.App.3d 371, 384-387; see also *People* v. *Hartley, supra,* at p. 126; *People* v. *Feno* (1984) 154 Cal.App.3d 719, 734-735 [201 Cal.Rptr. 513].)

IV

We need not dwell on the third restriction in *Lent*. It is well established restitution both rehabilitates a defendant, thereby relating to the crime of which he or she was convicted, and deters future criminality. (See *People* v. *Clark, supra,* 130 Cal.App.3d 371, 386-387; see also *People* v. *Lent, supra,* 15 Cal.3d 481, 486.)

Thus, the restitution condition passes muster under the requirements reiterated in *People* v. *Lent, supra,* 15 Cal.3d 481, 486.[6] It related to Phillips'

---

[6]The court set $1,000 as a maximum amount of restitution, with a smaller amount due if

conviction because her intoxication was a cause of the accident; the conduct was criminal, as the conviction demonstrates; and the condition rehabilitates and deters future criminality by requiring compensation for the victims.

The judgment is affirmed.

Crosby, J., and Wallin, J., concurred.

A petition for a rehearing was denied June 7, 1985, and appellant's petition for review by the Supreme Court was denied September 11, 1985.

---

appropriate. Phillips does not argue on appeal that placing the amount to be paid in the hands of the probation officer was improper. (See *People* v. *Cervantes, supra,* 154 Cal.App.3d 353.) In any event, it appears from the record $1,000 clearly would not fully compensate the other victims in the accident. As we indicated, this shows the sentencing court was not resolving a civil debt, as the sentencing court did in *Richards.* As long as the determination of the probation officer is subject to review by the court, there is no abuse of discretion. (*People* v. *Hyatt* (1971) 18 Cal.App.3d 618, 626-627 [96 Cal.Rptr. 156].)