Filed 9/22/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| TARRAR ENTERPRISES, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ASSOCIATED INDEMNITY CORP., <br><br> Defendant and Respondent. | A162795 <br><br> (Contra Costa County Super. Ct. No. MSC20-01776) |

At all relevant times, plaintiff Tarrar Enterprises, Inc. (Tarrar) operated what it describes as "a utility consultant business" in Contra Costa County. Defendant Associated Indemnity Corporation (Associated) issued Tarrar a comprehensive commercial liability and property insurance policy that, as relevant here, promised in general to "pay for direct physical loss of or damage to Covered Property at the described [insured] premises," and in particular to "pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' . . . The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss."

According to Tarrar's complaint, in March 2020, first the Contra Costa Board of Supervisors, and then the Governor, issued "shelter in place orders,"

1

which, Tarrar alleged, required it "to close its business premises for the duration of the orders" and "caused [it] to suffer a serious and sustained loss of business income." Associated denied Tarrar's claim for "business income loss." Tarrar sued, and its action ended when the trial court sustained Associated's general demurrer without leave to amend. And Tarrar's timely appeal is from the judgment of dismissal entered on the demurrer order.

Tarrar's opening brief was filed on November 30, 2021, and begins with this: "This appeal presents an important coverage issue arising from the COVID-19 pandemic, and one that appears to be, in this factual context, of first impression before the California Courts of Appeal: can losses caused by the COVID-19 pandemic be covered by business interruption insurance policies which are triggered by physical loss or damage?"

This statement may have been true when the brief was filed, but it has been overtaken by subsequent events. Since then several California Courts of Appeal have resolved the issue against the insureds—like here, on demurrer—holding that the issue comes down to whether the insured can allege it suffered "direct physical loss of or damage to property" within the plain meaning of the policy language: *Inns-by-the-Sea v. California Mutual Ins. Co.* (2021) 71 Cal.App.5th 688; *Musso & Frank Grill Co. Inc. v. Mitsui Sumitomo Ins. USA Inc.* (2022) 77 Cal.App.5th 753; and *United Talent Agency v. Vigilant Insurance Co.* (2022) 77 Cal.App.5th 821.

Most recently, some three weeks ago, this court filed its opinion in *Apple Annie, LLC v. Oregon Mutual Insurance Co.* (Sep. 2, 2022, A163300) __ Cal.App.5th __ [2022 Cal.App. Lexis 753] (*Apple Annie*)), which, discussing the cases, affirmed a judgment on the pleadings for the insurer.

Meanwhile, in July, one Court of Appeal decision ruled for the insured, in *Marina Pacific Hotel & Suites, LLC v. Fireman's Fund Ins. Co.* (2022)

2

81 Cal.App.5th 96 (*Marina Pacific*). There, after noting the holdings of *Inns-by-the-Sea*, *United Talent Agency*, and various other cases, the Court of Appeal held for the insured on the basis it had pled the element missing from the three earlier cases: it "adequately alleged direct physical loss or damage," and stated a claim for breach of the insurance policy (*Marina Pacific*, *supra*, at p. 108.) Thus, the court held that Marina Pacific stated a claim for breach of contract and concluded: "Because the insureds adequately alleged losses covered by Fireman's Fund's policy, they are entitled to an opportunity to present their case, at trial or in opposition to a motion for summary judgment. The judgment of dismissal based on the trial court's disbelief of those allegations, whether ultimately reasonable or not, must be reversed." (*Id.* at p. 114.)

Tarrar's opening brief had one argument, that "Tarrar's pandemic losses were within the reasonable expectations of the insured and nowhere excluded from coverage." However, in light of the opinions being filed, the parties filed supplemental briefs, addressing the subsequent cases. And at oral argument able counsel vigorously argued the matter in light of all five cases.

*Apple Annie* discussed the four prior cases, and others, and held as it did, affirming the judgment on the pleadings for the insurer. We adopt its reasoning here without the need to repeat it, and conclude that Tarrar's complaint does not allege the necessary "direct physical loss of or damage to property"—and thus that the demurrer was properly sustained.

That does not end the matter.

Here—and unlike Apple Annie—Tarrar argued in the trial court that if the demurrer be sustained, it be with leave to amend. Despite that, the trial court ruled to the contrary.

3

Tarrar maintained its request for leave to amend in its briefing here, in both its opening brief and reply briefs, the latter of which sets forth in some detail what Tarrar would allege in an amended complaint. And at oral argument counsel for Tarrar confirmed that, and more, noting among other things that leave to amend is appropriate when issues are developing.

But beyond that, given that the complaint here was the original complaint, other principles guide us as well, principles we confirmed in *Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 411–412: "[F]or an original complaint, regardless whether the plaintiff has requested leave to amend, it has long been the rule that a trial court's denial of leave to amend constitutes an abuse of discretion unless the complaint 'shows on its face that it is incapable of amendment.' (*King v. Mortimer* (1948) 83 Cal.App.2d 153, 158; see also *Adkins v. City & County of San Francisco* (1935) 8 Cal.App.2d 620, 621 [where it appeared that plaintiff attempted in good faith to state a cause of action and it was 'not at all clear that plaintiff could not have amended' to overcome the demurrer, it was error for the trial court to refuse to grant plaintiff at least one opportunity to amend].)

"This long-standing rule remains valid. The current edition of a leading practical treatise explains, '[I]n the case of an *original* complaint, plaintiff need not even request leave to amend. "Unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion, irrespective of whether leave to amend is requested or not." ' (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 7:129, p. 7(I)-58, . . . quoting *McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303–304.) And the California Judges Benchbook, Civil Proceedings Before Trial (CJER 2019) (Judges Benchbook), instructs, 'Rarely should a judge sustain a demurrer to

4

an *initial* complaint without granting leave to amend. *Cabral v. Soares* (2007) 157 [Cal.App.]4th 1234, 1240[; citation.]  Denial of leave to amend is appropriate only when it conclusively appears that there is no possibility of alleging facts under which recovery can be obtained.  [*Ibid.*]'  (Judges Benchbook, §12.52, p. 1023.)"

Thus, denial of leave to amend was error.

## DISPOSITION

The judgment is reversed, and the trial court is instructed to vacate its prior order sustaining the demurrer without leave to amend and enter a new order sustaining the demurrer with leave to amend.  Tarrar shall recover its costs on appeal.

5

_____
Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Mayfield, J. *


*Tarrar Enterprises, Inc. v. Associated Indemnity Corp.* (A162795)

      *Judge of the Mendocino Superior Court, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

| | |
|---|---|
| Trial Court: | Contra Costa County Superior Court |
| Trial Judge: | Honorable Clare Maier |
| Attorney for Plaintiff and Appellant, Tarrar Enterprises, Inc.: | Covington & Burling LLP, Rani Gupta; David Goodwin; Thomas Martecchini; Timothy D. McGonigle Prof. Corp.; Timothy D. McGonigle |
| Amicus curiae United Policyholders in support of Appellant: | Reed Smith LLP; Nicolas A. Pappas |
| Attorney for Defendant and Respondent, Associated Indemnity Corp.: | DLA Piper LLP; John P. Phillips; Joseph Davison; Brett Solberg; Gregory Sperla. |