WAUKESHA GAS & ELECTRIC COMPANY, Respondent, vs.
WAUKESHA MOTOR COMPANY, Appellant.

*May 11—June 21, 1926.*

*Gas and electricity: Reasonably adequate service: Interruptions:
Liability of company.*

1. The supreme court cannot disturb findings of the trial court on
   issues of fact which are sustained by the proof, though the
   proof on some of such issues might have sustained contrary
   findings.   p. 463.
2. A company supplying gas and electricity, whether under con-
   tract or under the duty imposed by sec. 196.03, Stats., must
   furnish reasonably adequate service, but is not an insurer of
   continuous service if conditions beyond its control cause in-
   terruptions, provided it exercises reasonable care and dili-
   gence in so constructing and operating its plant as to prevent
   such interruptions.   p. 463.

APPEAL from a judgment of the circuit court for Wau-
kesha county: GUSTAVE G. GEHRZ, Judge. *Affirmed.*

The *Waukesha Gas & Electric Company* began an action
to recover a balance due from the *Waukesha Motor Com-
pany,* the amount of which is not in controversy. The issue
litigated was upon the counterclaim of the *Motor Company*
for $150,000 damages alleged to have been sustained be-
cause the *Gas & Electric Company* failed to furnish rea-
sonably adequate service in supplying gas and electricity
used in the manufacturing plant of the *Motor Company.*

The proof established that there were interruptions in
service. The trial court found that such interruptions were
due to causes beyond the control of the *Gas & Electric
Company* and for which it was in no way responsible, such
as the freezing of gas mains, inability to procure a proper
and adequate supply of coal for the making of gas and the
generation of electricity during the period of the World
War, or carelessness and lack of diligence on the part of the
*Motor Company.* The court further found that the *Gas*

*& Electric Company* exercised care, diligence, and fore-sight in the construction of its gas main and electric feed wires and that it supplied the *Motor Company* with gas of sufficient quantity and proper quality and with a continuous supply of electric current, except at those times when its service was interrupted by conditions which were beyond the control of the *Gas & Electric Company*. Upon these find-ings judgment was entered dismissing the counterclaim of the *Motor Company*.

For the appellant there were briefs by *Frame & Black-stone* of Waukesha, and oral argument by *H. J. Frame*.

For the respondent there were briefs by *Jacobson & Malone* of Waukesha, and oral argument by *M. A. Jacob-son*.

STEVENS, J.   The only issues presented are issues of fact. The voluminous record demonstrates that these is-sues were fully and carefully litigated by a trial judge of well known ability in the trial and determination of such complicated issues of fact as those here involved. A careful review of the facts satisfies the court that the findings are all sustained by the proof. The most that can be said is that on some of the contested issues of fact the proof might have sustained a finding contrary to that made by the court. Upon such a state of the record this court cannot disturb the findings of the trial court.

Whether the *Gas & Electric Company* was supplying gas under its contract or under the duty imposed by sec. 196.03 of the Statutes, it was the duty of the *Gas & Electric Company* to furnish reasonably adequate gas, as well as electric, service. This duty did not make the *Gas & Electric Company* an insurer of continuous service, if con-ditions over which it had no control caused interruptions in service, provided that the *Gas & Electric Company* at all times exercised reasonable and practicable care, foresight,

and diligence in so constructing, maintaining, and operating its plant as to prevent such interruptions so far as practicable.

*By the Court.*—Judgment affirmed.