## 49293. GREENE et al. v. GEORGIA POWER COMPANY et al.

DEEN, Judge.

Mrs. Greene and Mrs. Samples, driving automobiles across an intersection in the city of Jesup within a few minutes of each other, both noticed that the traffic light at the intersection was inoperative. A few minutes later

both again approached the intersection at right angles to each other, entered, and collided. Mrs. Greene, plaintiff in this action, states that as she approached the intersection the second time the light was operating and red against her; that it then turned green and she entered. The defendant Mrs. Samples states that as she approached and entered the intersection the second time the light was still inoperative and Mrs. Greene's car then shot in front of her.

This is an appeal from the grant of a summary judgment to the co-defendants Georgia Power Co. and Satilla Rural Electric Membership Corp., alleged to have been negligent in interrupting city power without notifying appropriate authorities (traffic policemen) and, as to Satilla, "maintaining the equipment in their No. 8 substation so as to cause a flashover on their high side fuse, thereby blowing the insulator and causing a fault in the electrical system which in turn caused the 115 kv fuse in the north Jesup substation of Ga. Power Co. to blow out, causing an interruption of electrical current to the traffic light."

It appears without contradiction that there was a blown fuse which did not affect the traffic light (except possibly for a flicker of under two seconds) in the Satilla substation; that Georgia Power personnel had to turn off certain power lines to replace the fuse, and that this was done expeditiously and resulted in the traffic light in question being inoperative for a period of seven minutes, during which the collision occurred. *Held:*

1. An electrical company may be liable for injury resulting from an unreasonable delay in restoration of power, and has been held to be so as to certain consumers where the delays ran from five to twelve hours or beyond. Barnes v. Sand Mountain Elec. Co-op, 268 Ala. 698 (108 S2d 382); Krier Preserving Co. v. West Bend Heating & Lighting Co., 198 Wis. 595 (225 NW 200). Under the testimony here the seven-minute delay in restoring service was not unreasonable and shows no negligence. Since the repairs were done in the most expeditious manner, under a necessity to restore current in the main line to other consumers (and skirting the question of whether a motorist could sue the power company directly

if there appeared a breach of its contract with the municipality to supply electricity for the traffic control devices) we find no negligence in failing to notify the municipal authorities in advance of the seven-minute break in service. While all parties to this appeal have cited cases from other jurisdictions relating negligence in failing to maintain continuous current or failure to notify (for a compendium of which we refer the reader to 4 ALR 3d 594), these deal mainly with the relationship between suppliers and direct users of electricity and we consider none definitive on this issue. It appears that these defendants, acting on Bentham's theory of the greatest good for the greatest number, chose to cut off power during the seven-minute interval it took to repair the fuse, and it does not appear that this action was of itself negligent.

2. Under the circumstances set out, there is a direct conflict between the statements of Mrs. Greene and Mrs. Samples. Both say they were aware the intersection light was inoperative a few minutes before the collision. Mrs. Samples says it was out when she entered the intersection the second time; Mrs. Greene says it was functioning and that *she* had seen it *red* and then green prior to entering the intersection. Both cannot be correct, since under the facts given the light itself was not malfunctioning, and either both sides were operative or both were inoperative. "There can be no recovery on account of the negligence of the defendant which was not the proximate cause of the injury. If the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause." *Whitaker v. Jones &c. Co.,* 69 Ga. App. 711 (1) (26 SE2d 545). Whether the lights were functioning, and whether the plaintiff had a green light, as she contends, is for the jury as between them. Possible negligence of one or the other of the power companies in maintaining its equipment, which might have caused a power overload which might have blown a fuse which then necessitated the temporary shutting off of electric current while replacing the fuse is a chain of causation too remote, in view of the actual negligence of one or both of the drivers involved, to be the basis for a claim.

The trial court did not err in granting the motions for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 7, 1974 — DECIDED MAY 17, 1974 — REHEARING DENIED JUNE 5, 1974.

*Zorn & Royal, William A. Zorn,* for appellants.
*Thomas, Howard & Smith, Hubert H. Howard, Fendig, Dickey, Fendig & Whelchel, Donald B. Napier,* for appellees.