426 So.2d 1162 (1983)
Steven Francisco ADOPTIE, a Minor, by and through His Mother and Next Friend, Marlene Adoptie, and Marlene Adoptie, Individually, Appellants,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, and Florida Power and Light Company, Appellees.
Nos. 82-829, 82-830.
District Court of Appeal of Florida, Third District.
February 8, 1983.
*1163 Horton, Perse & Ginsberg and Edward Perse, Lawrence Rodgers, Miami, for appellants.
Shutts & Bowen and Phillip J. Sheehe and Andrew L. Gordon; Steel, Hector & Davis and Norman A. Coll and Andrew E. Grigsby, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Adoptie was injured in an intersection accident which was allegedly caused by the inoperability of the traffic light. He sued Florida Power & Light and Southern Bell asserting that the defect resulted from the fact that, some time before, the work crews of either or both negligently cut the power line which supplied electricity to the signal. We affirm the dismissal of the complaint as against the appellees on the ground that their alleged conduct was, as a matter of law, not a legal cause of the plaintiff's damages. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961); Cone v. Inter County Tel. & Tel. Co., 40 So.2d 148 (Fla. 1949).
Affirmed.
NESBITT, Judge (specially concurring):
I write to make it clear that my concurrence is based on the fact that any negligence on the part of the appellees was not a proximate cause of appellant's injuries because the authorities charged with maintenance of the light, see § 316.006, Fla. Stat. (1979), had actual or constructive notice that the power line had been cut and a period of about forty days passed before the accident in question occurred.