819 S.W.2d 388 (1991)
Buffy DALE, a minor, By and Through her mother and Next Friend, Christine DALE, Plaintiffs/Appellants,
v.
Chester A. EDMONDS, and Emuel Long and Board of Education for the St. Louis Public Schools, Defendants/Respondents.
No. 59340.
Missouri Court of Appeals, Eastern District, Division One.
November 12, 1991.
Rehearing Denied December 18, 1991.
*389 Stephen M. Glassman, Clayton, for plaintiffs/appellants.
Lloyd Jerome Jordan, Carl W. Bussey, Nadine Valeria Nunn, Bussey & Jordan, St. Louis, for defendants/respondents.
CRANE, Judge.
Plaintiffs Buffy Dale, a student, and Christine Dale, her mother, filed a petition against the St. Louis Public Schools Board of Education and individual defendants[1] for damages for injuries Buffy sustained on the playground of Yeatman Middle School, a St. Louis City School, when she was hit in the eye by a piece of debris thrown by another student. The Board of Education moved for summary judgment on the grounds that plaintiffs could not prove that Buffy was injured as a direct result of debris on the playground or that the debris on the playground created a reasonably foreseeable risk of the kind of harm Buffy incurred. The trial court granted the motion on the grounds that "[t]he injury suffered by plaintiff was the result of the action of a third party and was not the result of a defect in the School District's property as contemplated by § 537.600 RSMo." Plaintiffs appeal from this order. We affirm.
Defendant's motion for summary judgment is based on plaintiffs' allegation in their third amended petition as well as deposition testimony that the injury was caused when another student picked up a piece of debris from the playground and threw it at Buffy.
In reviewing the entry of summary judgment, we must view the record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of material fact exists which would require trial and determine if the judgment is correct as a matter of law. If the judgment is sustainable as a matter of law under any theory, we will affirm it. Union Mut. Ins. Co. v. Brown, 809 S.W.2d 144, 145 (Mo.App.1991). Contrary to plaintiffs' assertion, since the deletion of subsection (h) from Rule 74.04, it is no longer necessary for the moving *390 party to support a motion for summary judgment by unassailable proof. Defino v. Civic Center Corp., 780 S.W.2d 665, 667 (Mo.App.1989).
The Board of Education, as a subdivision of the State, is a public entity which is protected from an action in negligence by sovereign immunity. Bartley v. Sp. Sch. Dist. of St. Louis Cty., 649 S.W.2d 864, 868 (Mo. banc 1983); Johnson v. Carthell, 631 S.W.2d 923, 926 (Mo.App.1982). Under the statute sovereign immunity is waived in cases involving injuries caused by the dangerous condition of public property. Section 537.600.1(2) RSMo 1986. These statutory provisions which waive sovereign immunity must be strictly construed. Bartley, 649 S.W.2d at 868.
To state a claim under the dangerous condition exception, a plaintiff must plead and prove facts which show: 1) a dangerous condition of the property; 2) that the plaintiff's injuries directly resulted from the dangerous condition; 3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind that plaintiff incurred; and 4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. Brown v. St. Louis County, 792 S.W.2d 398, 401 (Mo.App.1990). In its order, the trial court found that the second element could not be proved.
Plaintiffs' sole point on appeal is that the trial court erred because 1) material issues of fact existed with respect to the proximate cause of Buffy Dale's injuries and 2) it found that the schoolyard debris could not constitute a dangerous condition of property. We find no error. For the purposes of this motion, there was no material factual dispute that the schoolyard was littered with debris and that Buffy was injured when another student threw a piece of this debris at her. These facts were alleged in plaintiffs' petition and attested to in depositions. Likewise, plaintiffs' contention that the trial court erred in finding that the schoolyard debris could not constitute a dangerous condition misconstrues the trial court's ruling. The trial court did not make a specific finding with respect to whether the debris was or was not a dangerous condition. Instead the trial court addressed the second element required to establish a waiver and found that: "The injury suffered by the plaintiff was the result of the action of a third party and was not the result of a defect in the School District's property as contemplated by § 537.600 RSMo."
Actionable negligence requires a causal connection between the conduct of the defendant and the resulting injury to the plaintiff. Zafft v. Eli Lilly & Co., 676 S.W.2d 241, 244 (Mo. banc 1984). "Direct result" is synonymous with "proximate cause," or a "cause which directly, or with no mediate agency, produces an effect." Applebee v. Ross et al., 48 S.W.2d 900, 902 (Mo.1932) (quoting Webster's Dictionary). Proximate cause is a cause which operates to produce a particular consequence without the intervention of an independent or superseding cause. Vann v. Town Topic, Inc., 780 S.W.2d 659, 661 (Mo.App.1989); Owens v. Union Elec. Co., 729 S.W.2d 248, 250 (Mo.App.1987). An intervening resulting cause is a new and independent force which so disrupts the chain of events initiated by defendant's negligence as to become the responsible, direct, and proximate cause of the injury. Vann, 780 S.W.2d at 661; Sirna v. APC Bldg. Corp., 730 S.W.2d 561, 564 (Mo.App.1987).
As specifically applied to cases invoking § 537.600, the alleged "dangerous condition" must pose a physical threat to a plaintiff "without intervention by third parties." Alexander v. State, 756 S.W.2d 539, 542 (Mo. banc 1988). In this case the injury was the direct result of the intentional conduct of another person and not the direct result of the physical condition of the schoolyard. The entry of summary judgment by the trial court is correct as a matter of law.
The judgment of the trial court is affirmed.
REINHARD, P.J., and GARY M. GAERTNER, J., concur.
NOTES
[1] The individual defendants were subsequently dismissed without prejudice.