**Michael PATTERSON, a minor, et al., Plaintiffs–Appellants,**

v.

**MERAMEC VALLEY R–III SCHOOL DISTRICT, Defendant– Respondent.**

**No. 63265.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 19, 1993.

McMichael & Logan, James J. Logan, Chesterfield, for plaintiffs-appellants.

Evans & Dixson, Gerard T. Noce and Thomas M. Buckley, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, Michael Patterson, a minor, and his parents sued Meramec Valley R–III School District and a classmate for personal injuries sustained when the classmate threw a broken piece of asphalt which struck Michael in the head. The trial court sustained defendant's motion to dismiss on grounds: (1) the cause of action was barred by § 536.-600.1(2) RSMo 1986, sovereign immunity, and (2) the injury was caused by the intervening, superseding act of the classmate. Plaintiffs appealed this dismissal, and approximately nine weeks later dismissed the additional claims filed against the classmate.

The well pleaded, relevant facts are these. On May 31, 1988, a classmate threw a piece of asphalt which struck Michael on the head. The incident occurred on school property. The classmate took the asphalt from an area of the school property on which pavement had deteriorated and broken pieces of asphalt could be found.

Counts I and II, directed against the school district, alleged negligence in that the school district knew or should have known of the deteriorated pavement and broken pieces of asphalt, the asphalt pieces created a dangerous condition on the property, the school district should have known of the likelihood that students would throw broken pieces of asphalt, the school district should have better supervised students, and, the school district should have denied access to the area in question.

The school district filed a motion to dismiss, or in the alternative, for summary judgment. It based the motion on three points: (1) according to the allegations of plaintiffs' petition, the broken pieces of asphalt did not create a dangerous condition on the property, (2) the allegation of failure to supervise is subject to a claim of sovereign immunity, and (3) assuming, arguendo, plaintiffs made a sufficient allegation of negligence against the school district, the act of the classmate constituted an intervening, superseding cause.

The trial court summarily granted the motion to dismiss without stating grounds for the ruling. Accordingly, we presume the court based its dismissal on the grounds stated in the motion. *Stevenson v. City of St. Louis School District,* 820 S.W.2d 609, 611 (Mo.App.1991). We hold all grounds support the dismissal.

In reviewing a dismissal on the pleadings we treat all facts stated in the petition as true, and construe all allegations in plaintiffs' favor. In so doing, our duty is to decide whether plaintiffs are entitled to relief according to dictates of the substantive law. *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985).

■ A public school or school district is a state public entity. It is, therefore, authorized to claim sovereign immunity against negligent actions. *Bartley v. Special School District of St. Louis City,* 649 S.W.2d 864, 868 (Mo. banc 1983). The scope of sovereign immunity is now defined by § 537.600 RSMo 1986. This section codifies two exceptions to the grant of sovereign immunity. However, the statutory provisions defining waiver must be strictly construed. Plaintiffs rely on the dangerous condition of property exception.

■ We held in *Taylor v. Klund,* 739 S.W.2d 592, 593 (Mo.App.1987) that the failure to provide a safe school environment and failure to adequately supervise students "cannot sensibly be read as contemplating

... a dangerous [property] condition" such as would trigger a waiver of immunity. Therefore, as a matter of law, plaintiffs may not recover on the theory of improper supervision.

■ In order to allege a waiver of sovereign immunity, the petition must allege:

> Injuries caused by the condition of a public entity's property ... that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. Section 537.600.1(2) RSMo 1986.

This section requires four allegations: dangerous condition, injury directly caused by the condition, injury of the type relevant to foreseeable events, and a negligent act or failure to act after actual or constructive notice in time to have acted.

We hold that plaintiffs' petition is insufficient for failure to allege direct causation. The allegation that the injury was sustained after a classmate threw the broken piece of asphalt forecloses an allegation of direct causation. Assuming the condition of the asphalt street was dangerous, minor plaintiff does not allege he was injured by the defect as a pedestrian or equivalent.

Plaintiffs' second claim of error implicates similar rules. The petition affirmatively alleges injury from an act of a classmate. For the school district to be liable, a causal connection must exist between its conduct and the minor plaintiff's injury. *Zafft v. Eli Lilly and Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). The causal connection must exist without intervention from a superseding or independent cause. *Vann v. Town Topic Inc.*, 780 S.W.2d 659, 661 (Mo.App.1989). A chain of events which began with defendant's negligence may be disrupted, or cut off, by an independent intervening new force where the new force becomes the direct and proxi-mate cause of plaintiff's injury. *Id. Sirna v. A.P.C. Building Corporation*, 730 S.W.2d 561, 564 (Mo.App.1987).

Plaintiffs rely on *Jones v. St. Louis Housing Authority*, 726 S.W.2d 766 (Mo.App. 1987), in which this court held a dangerous condition consisting of debris on the housing authority property was causally connected to injuries sustained when a lawnmower threw a stick which struck and killed a child. *Jones* is inapposite. In *Jones*, the necessity for maintenance of the property by defendant was undisputed. In maintaining the property, a responsibility of the owner, the dangerous condition became causal to the injury. In the present case, assuming a dangerous condition for pedestrians, the act of throwing the asphalt was unrelated to any function of the school district. In *Jones*, the dangerous condition was "taken" to the injured child in the performance of a duty of the property owner. Not so in the present case. The act of the classmate constituted an intervening cause.

We find the case of *Dale by and through Dale v. Edmonds*, 819 S.W.2d 388 (Mo.App. 1991) controlling on the issues of direct causation and intervening cause. In *Dale*, a student and her mother sued members of a school board for injuries sustained on a playground when another student threw a piece of "debris" which struck the minor plaintiff in the eye. We there held that the intentional conduct of a classmate, and not the physical condition of the property, *i.e.*, debris on the school property, would not satisfy the requirements for waiver of sovereign immunity. To constitute a dangerous condition within the reach of § 537.600.1(2) RSMo 1986, the condition itself "must pose a physical threat to a plaintiff 'without intervention by third parties'." *Dale*, at 390, citing *Alexander v. State*, 756 S.W.2d 539, 542 (Mo. banc 1988). Plaintiffs must allege "something quite different than 'a public entity's property, in some remote way, presaged the commission of a tort by another party'." *Alexander*, at 542.

Accordingly, we hold the court properly dismissed the petition for failure to state a cause of action because plaintiffs failed to

allege causation and facts which would, if proven, constitute a waiver of sovereign immunity.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.