

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| MARY BETH FRYMAN, | ) | No. ED112690 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| v. | ) | Cause No. 20CG-CC00321 |
| | ) | |
| THE BOARD OF REGENTS OF | ) | Honorable Benjamin F. Lewis |
| SOUTHEAST MISSOURI STATE | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: December 31, 2024 |

### Introduction

Mary Beth Fryman sued The Board of Regents of Southeast Missouri State University alleging claims of premises liability and negligence for a fall she suffered while walking up a set of stairs on the Board's property. The circuit court sustained the Board's motion for summary judgment, finding that the Board was immune from liability because the uncontroverted material facts demonstrated that the alleged dangerous condition did not cause Fryman's injury. The circuit court's judgment is reversed, and the case is remanded for further proceedings.

### Background

While visiting Southeast Missouri State University with her daughter, Fryman was walking up a flight of stairs when an unknown woman came up the stairs behind her quickly. When Fryman attempted to move out of the woman's way, Fryman tripped over her feet, and

fell. Fryman sued the Board, alleging that the steps were in a dangerous condition because they were uneven, unmarked, steep, dark, unequal in height, slippery, and had no handrails.

After discovery, the Board filed a motion for summary judgment arguing it was entitled to judgment as a matter of law because it was immune from liability pursuant to § 537.600, RSMo 2016.[1] The Board argued that, because Fryman failed to provide any substantial evidence that the stairs were in a "dangerous condition," its sovereign immunity was not waived. In support of its motion, the Board relied on an affidavit from one of its maintenance workers who opined that each step was "within standard tolerances in construction practices."

Fryman responded to the motion with an affidavit from her own expert, who opined that the stairs were in a dangerous condition for seven distinct reasons, including that they had no handrails and were uneven. The expert's affidavit also stated that the dangerous conditions of the stairs caused Fryman's fall and injuries. The circuit court entered summary judgment in the Board's favor focusing on proximate causation rather than whether there could have been a dangerous condition. The circuit court's ruling relied on Fryman's testimony that she fell after tripping on her own feet. The court determined Fryman's actions to be the sole cause of the fall and as a result, found that the alleged dangerous condition could not be a cause of Fryman's fall. The circuit court, therefore, determined that because the dangerous condition did not cause her fall, sovereign immunity was not waived.

**Standard of Review**

This Court reviews the grant of summary judgment *de novo*. *Brockington v. New Horizons Enters., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022). "Summary judgment is proper only if the moving party establishes that there is no genuine issue as to the material facts and that

---

[1] All statutory references are to RSMo 2016.

2

the movant is entitled to judgment as a matter of law." *Id.* (quoting *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020)). "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Glendale Shooting Club, Inc. v. Landolt*, 661 S.W.3d 778, 782 (Mo. banc 2023) (quoting *Brockington*, 654 S.W.3d at 880).

**Analysis**

Fryman raises seven points on appeal, all relating to the circuit court's entry of summary judgment. The primary argument in each of the seven points is that the circuit court erred in entering summary judgment either because the issue of causation was not raised in the Board's motion or because genuine issues of material fact preclude the entry of summary judgment. Because of the similarity of the points, this Court addresses them all at once.

The Board moved for summary judgment on the basis that the stairs were not in a dangerous condition, and as a result, the Board was entitled to sovereign immunity. In response, Fryman's expert opined that the stairs were in a dangerous condition for seven distinct reasons, including that they had no handrails and were uneven. Fryman's expert's affidavit also stated that the dangerous conditions of the stairs caused Fryman's fall and injuries. The circuit court reasoned that, although Fryman's expert's opinions might be material to a finder of fact in determining whether the Board's property was in a dangerous condition at the time of the injury, those opinions did not establish that the injury directly resulted from an allegedly dangerous condition. As a result, the circuit court determined the Board had sovereign immunity.

"Sovereign immunity is a common law judicial doctrine barring suit against a government or public entity." *Allen v. 32nd Jud. Cir.*, 638 S.W.3d 880, 886 (Mo. banc 2022). "[S]overeign immunity applies to the government and its political subdivisions unless waived or

3

abrogated or the sovereign consents to suit." *Id.* (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. banc 2016)). The legislature has waived sovereign immunity in situations where a plaintiff can establish:

> the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Section 537.600.1(2).

"A 'dangerous condition' refers to defects in the physical condition of a public entity's property." *Benoit v. Missouri Highway & Transp. Comm'n*, 33 S.W.3d 663, 667 (Mo. App. 2000). A "physical defect in the sovereign's property and injuries directly stemming from that defect will subject the sovereign to tort liability." *Allen*, 638 S.W.3d at 888 (quoting *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 616 (Mo. banc 2002)). "A sovereign may also be subject to liability if the plaintiff was harmed by a 'physical deficiency in the state's property which constituted a 'dangerous condition.''" *Id.* (quoting *Alexander v. State*, 756 S.W.2d 539, 542 (Mo. banc 1988)).

Fryman provided evidence of a physical deficiency in the stairs directly resulting in her injury. Specifically, Fryman provided evidence from an expert that the stairs were defectively designed and that the defect directly caused her injuries. If believed by a jury, these facts would establish the necessary findings for a waiver of sovereign immunity. The Board has provided countervailing evidence on both of these points. As a result, a genuine issue of material fact exists that precludes summary judgment.

Nevertheless, the Board argues that it should be entitled to sovereign immunity as a matter of law because Fryman's injuries did not directly result from a dangerous condition of the stairs. Rather, she testified that she tripped over her own feet after being startled by a woman coming up the stairs behind her. In support, the Board relies on *Dale By and Through Dale v. Edmonds*, 819 S.W.2d 388 (Mo. App. 1991) and *Patterson v. Meramec Valley R-III School District*, 864 S.W.2d 14 (Mo. App. 1993).

In *Dale*, a student and her mother brought suit against the school board for injuries the student sustained on the school's playground when she was hit in the eye by a piece of debris thrown by her classmate. 819 S.W.2d at 389. Because the student's injury was the "direct result of the intentional conduct" of the classmate, the circuit court found "[t]he injury suffered by plaintiff … was not the result of a defect in the School District's property as contemplated by § 537.600 RSMo." *Id.* As a result, the school was granted sovereign immunity.

In *Patterson*, a student was injured when a classmate struck them in the head with a piece of asphalt. 864 S.W.2d at 15. The school was sued on the theory that the school knew or should have known of the deteriorated pavement and broken asphalt and that if it was not left in that condition, the student would not have been injured. *Id.* The circuit court dismissed the case finding the injury was not caused by a physical defect of the property but by the intervention of the classmate. *Id.* at 16-7.

The Board argues that the woman coming up the stairs behind Fryman should be likened to the thrown asphalt and debris in *Dale* and *Patterson*. But those cases are distinguishable. Fryman provided evidence that she fell on stairs that are alleged to have been in a defective condition. Her testimony that she fell on her own two feet is not necessarily inconsistent with her theories regarding the defects in the stairs, particularly given the expert affidavit connecting the

5

fall to condition of the stairs. And unlike the plaintiffs in *Dale* and *Patterson*, Fryman provided evidence that she fell on the alleged dangerous condition as it actually existed.

Fryman's case is more analogous to *Williams v. Missouri Highway & Transp. Comm'n*, 16 S.W.3d 605 (Mo. App. 2000). In *Williams*, the plaintiff neared an intersection and noticed that the traffic signals were out in all directions. *Id.* at 607. Upon reaching the intersection, she stopped, and after determining that it was safe to proceed, entered the intersection. *Id.* As she entered the intersection, another driver struck her. *Id.* at 607-08. The plaintiff sued the Missouri Highway Transportation Commission alleging her injuries were proximately caused by the dangerous condition of MHTC's property. *Id.* at 608. MHTC moved for summary judgment on the basis that the plaintiff's claim was barred by sovereign immunity. *Id.* at 609. MHTC argued that the plaintiff's injuries were caused by the other driver's negligence. *Id.* at 611. The court reasoned that even if the other driver was negligent, the driver's negligence alone was not sufficient to negate the causation element of the dangerous condition exception. *Id.* at 612. This Court held that "a public entity may be sued, under a waiver of sovereign immunity, concurrently with another party at fault." *Id.*

The same reasoning applies here – testimony of the woman's actions may provide evidence of another potential cause of Fryman's fall but it does not eliminate the possibility that one of the alleged deficiencies caused her fall. "The negligence of the defendant need not be the sole cause of the injury, as long as it is one of the efficient causes thereof, without which injury would not have resulted." *Hensley v. Jackson Cnty.*, 227 S.W.3d 491, 496 (Mo. banc 2007) (quoting *Oldaker v. Peters*, 869 S.W.2d 94, 100 (Mo. App. 1993)). Because the record "contains competent evidence of two plausible, but contradictory, accounts of the essential facts" a genuine issue of material fact exists. *Williams*, 16 S.W.3d at 613. Whether the woman's presence is a

6

cause of Fryman's fall is a factor for the jury to weigh in determining fault. *Allen*, 638 S.W.3d at 889.

Accordingly, the circuit erred in granting judgment as a matter of law because genuine issues of material fact exist regarding the cause of Fryman's injuries.

## Conclusion

The circuit court's judgment is reversed, and the case is remanded.

John P. Torbitzky, P.J.

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.